## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2016, 9:39 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lewis R. Ross, III, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 18, 2016 <br><br> Court of Appeals Case No. 84A01-1508-CR-1261 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Michael Rader, Judge <br><br> Trial Court Cause Nos. 84D05-1405-FD-1428 84D05-1308-FD-2518 |

**Robb, Judge.**

# Case Summary and Issue

[1] Lewis Ross' home detention and probation was revoked, and the trial court ordered him to serve the remainder of his sentence in the Indiana Department of Correction. On appeal, Ross raises the sole issue of whether the trial court abused its discretion in ordering him to serve the remaining portion of his sentence in the Department of Correction. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] On January 26, 2011, the State charged Ross under cause number 84D05-1101-FD-341 ("FD-341") with domestic battery, a Class D felony. On August 22, 2013, the State charged Ross under cause number 84D05-1308-FD-2518 ("FD-2518") with possession of chemical reagents or precursors with the intent to manufacture a controlled substance, a Class D felony. Three months later, the State charged Ross under cause number 84D05-1405-FD-1428 ("FD-1428") with domestic battery, a Class A misdemeanor; possession of paraphernalia, a Class A infraction; strangulation, a Class D felony; and possession of methamphetamine, a Class D felony. The State later amended the charging information under FD-1428 to enhance the domestic battery charge to a Class D felony.

[3] In September 2014, Ross entered into a plea agreement with the State whereby he pleaded guilty to the charges under FD-341, FD-2518, and to possession of

methamphetamine under FD-1428. As a part of the agreement, the remaining charges under FD-1428 were dismissed. In aggregate, the trial court sentenced Ross to a four-year executed sentence to be served on home detention, followed by two years on probation. Ross was required to pay all fees associated with his home detention placement. In addition, Ross could not use or possess any alcoholic beverages or drugs not prescribed by a physician. Finally, Ross was required to attend all classes, tests, seminars or any other activity assigned by his field coordinator.

[4]     At his initial drug screen on October 2, 2014, Ross tested positive for methamphetamine. Over the next several months, Ross tested positive for alcohol consumption six times. On June 18, 2015, Ross again tested positive for methamphetamine. The following week, Ross failed to report to two required classes. Ross was also $1,889 in arrears for his home detention fees. As a result, the State filed a Petition to Revoke Direct Placement in the Home Detention Program and/or to Revoke Probation.

[5]     On July 30, 2015, at a hearing on the State's petition, Ross admitted to having a substance abuse problem and claimed he consumed alcohol in an attempt to "stay off the methamphetamine . . . ." Transcript at 14. In addition, Ross claimed he used methamphetamine and skipped two classes because he was depressed. In revoking Ross' probation and home detention placement, the trial court acknowledged Ross' "atrocious" criminal history and "[a] number of probation violations . . . ." *Id.* at 25-26. The trial court then ordered he serve the balance of his aggregate term—approximately four years—in the

Department of Correction. The trial court also ordered Ross receive treatment for his substance abuse while in prison, and stated once Ross completed an appropriate treatment program, it would consider modifying the sentence. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

Initially, we note the standard of review on appeal from the revocation of direct placement in home detention mirrors that for revocation of probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines probation, and may revoke probation if the conditions of probation are violated. *Id.; see also* Ind. Code § 35-38-2-3. Proof of a single violation of the conditions of probation is enough for the trial court to revoke probation. *Bussberg v. State,* 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied.* A trial court's sentencing decision for probation violations is reviewed for an abuse of discretion. *Prewitt,* 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

## II. Sanctions on Revocation

Ross contends the trial court abused its discretion in ordering him to serve the remaining four years of his sentence in the Department of Correction.

Specifically, Ross argues that considering his criminal history, his addiction to drugs, and the fact he was successful on home detention for almost two years, the trial court's decision went against the logic and effect of the facts and circumstances. In Indiana,

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h); *see also* Ind. Code § 35-38-2.6-5.

[8] We are not persuaded the trial court abused its discretion in ordering Ross serve the remaining portion of his sentence in the Department of Correction for several reasons. First, despite Ross being fully aware of the terms of his placement and probation and despite the State giving him multiple opportunities to clean up his act, he continued to use alcohol and methamphetamine; it is evident Ross failed to take advantage of the State's generosity. Second, Ross' criminal history is lengthy, and he has a history of violating probation. Finally, we are not persuaded Ross can be rehabilitated in a home detention setting. The record indicates he fought the urge to use methamphetamine with alcohol in direct violation of the terms of his home

detention. Further, he opted to use methamphetamine when he was feeling depressed, which is also in direct violation of the terms of his home detention. It seems when there are problems in life, Ross consistently turns to substance abuse. As the trial court stated, Ross can get the help he needs in prison by completing a treatment program, and upon completion, the trial court will consider modifying his sentence. We conclude the evidence presented at the evidentiary hearing provided the court with an ample basis for making its decision. Accordingly, we conclude the trial court did not abuse its discretion.

# Conclusion

[9] The trial court did not abuse its discretion in ordering Ross serve the remainder of his sentence in the Department of Correction. The judgment of the trial court is affirmed.

[10] Affirmed.

Barnes, J., and Altice, J., concur.